IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:10cv2

| | |
|---|---|
| RONALD L. STRALEY; and wife, )<br>MARY STRALEY, )<br> )<br>      Plaintiffs, )<br> )<br>Vs. )<br> )<br>THOMAS LOGISTICS, LLC, d/b/a )<br>SPS Moving; BEKINS VAN LINES, )<br>LLC; and VANLINER INSURANCE )<br>COMPANY, )<br> )<br>      Defendants. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

**THIS MATTER** is before the court upon defendant Bekins Van Lines, LLC's (hereinafter "Bekins") first Motion to Dismiss (#2) and second Motion to Dismiss Amended Complaint in Part (#8). The court also has before it Thomas Logistics, LLC's (hereinafter "Thomas") Motion to Dismiss (#12). Having carefully considered Bekins' and Thomas's motions and reviewed the pleadings, and noting that plaintiffs have failed to file any response to Bekins' second Motion to Dismiss Amended Complaint in Part within the time provided, or to Thomas's Motion to Dismiss, the court enters the following findings, conclusions, and Recommendation.

1

## FINDINGS AND CONCLUSIONS

This action was removed to this court based on an assertion of federal question jurisdiction. Specifically, the dispute between these parties is completely controlled by the Carmack Amendment, 49 U.S.C. § 14706 *et seq.,* which preempts state law as to claims for damages arising from the interstate transportation of household goods. Id.

After removal of this action from state court, Bekins promptly moved to dismiss all of plaintiffs' claims as preempted under the Carmack Amendment, supra. Rather than respond to that motion, plaintiffs timely filed an Amended Complaint in which they *added* an additional claim against all defendants under the Carmack Amendment, but failed to abandon the state law claims. See Docket Entry #5. Under newly amended Rule 15(a)(1)(B), Fed.R.Civ.P., such amendment filed two days after Bekins' first Motion to Dismiss was timely. See Fed.R.Civ.P. 15(a)(1)(B).[1] Rather than simply assert a claim under the Carmack Amendment, however, plaintiffs purport to assert such Carmack Amendment claim in *addition* to the state-law claims that are, as a matter of well settled law, completely preempted. See Docket Entry #5.

The Carmack Amendment preempts all of plaintiffs' state law claims inasmuch

---

[1] Counsel for Defendant Vanliner Insurance Company is respectfully advised to review its client's Answer of February 1, 2010, inasmuch as the Amended Complaint was filed some 5 days earlier and does not appear to be addressed in such responsive pleading.

2

as this action arises exclusively from interstate transport services performed by defendants, facts readily apparent from the original Complaint.  As recognized by the United States Supreme Court in <u>Missouri Pacific R.R. Co.  v. Elmore & Stahl</u>, 377 U.S. 134 (1964),  the Carmack Amendment replaced varying state causes of action with uniform "strict liability" of carriers to shippers.  To assert a *prima facie* case under the Carmack Amendment, all that a shipper need prove are: (1) that their goods were in good condition when delivered to the carrier; (2) the good were not delivered or delivered damaged; and (3) damages in the amount of "actual loss."  <u>Id.</u>, at 138.  Accordingly, the Carmack Amendment <u>completely</u> preempts all state law remedies for damage or loss of goods transported in interstate commerce.  <u>Shao v.  Link Cargo(Taiwan) Ltd.</u>, 986 F.2d 700 (4th Cir.  1993).[2]

Thus, the only possible claim against an interstate motor carrier for loss or damage to goods during or as part of an interstate shipment of household goods is a claim under the Carmack Amendment. Review of the allegations of the Complaint make it clear that damage or loss of plaintiffs' household goods during an interstate shipment by a motor carrier is the basis of all of their claims.  The Carmack

---

[2] The court has assumed that plaintiffs' counsel's continued maintenance of such claims in the Amended Complaint, in the face of well settled case law, was inadvertent and not a violation of Rule 11, Fed.R.Civ.P.  Counsel for plaintiffs is cautioned, however, that Local Civil Rule 7.1 requires a response to motions and that failure to respond or inform the court that no response will be filed may result in sanctions where such conduct delays the case or causes additional expenses for other parties.

3

Amendment also applies to damage or loss that may have occurred when, and if, defendants stored plaintiffs' household goods. Margeston v. United Van Lines, Inc., 785 F.Supp. 917, 920 (D.N.M. 1991); I.C.R.R. § 1056.12.

There is little to no room to argue in this district that the Carmack act has left any rock unturned in the state law arsenal of tort claims, including claims for intentional torts. As succinctly summarized by Honorable Graham C. Mullen, United States District Judge (then Chief Judge of this court), the Carmack Amendment preempts all state law claims:

> Circuit courts of appeals, including the Fourth Circuit, have also unanimously held that Carmack's broad scope preempts all state law claims, whether they contradict or supplement Carmack remedies. *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir.), cert. denied, 522 U.S. 809, 118 S.Ct. 51, 139 L.Ed.2d 16 (1997) ("Preempted state law claims, therefore include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims."); *Cleveland v. Beltman North American Van Lines Co., Inc.*, 30 F.3d 373, 379 (2d Cir.1994) (stating that one of the primary purposes of the Carmack Amendment is to provide uniformity in the disposition of claims brought under a bill of lading); *Shao v. Link Cargo (Taiwan) Limited*, 986 F.2d 700, 706-707 (4th Cir.1993) ("[I]f the Interstate Commerce Commission had jurisdiction over the shipment in this case, Shao's common law claims are preempted by the Carmack Amendment."); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-7 (5th Cir.1993) (Carmack Amendment preempted state law claims, including claims of misrepresentation, fraud, gross negligence and intentional and negligent infliction of emotional distress); *Hughes Aircraft Co. v. North American Van Lines*, 970 F.2d 609, 613 (9th Cir.1992) ("Hughes [the shipper] wisely concede[d] that federal law preempts any state common law action against ... a common carrier."). *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112, 1120 (10th

4

Cir.1989) ("[T]he Carmack amendment preempts state common law remedies against a carrier for negligent loss or damage to goods shipped under a proper bill of lading."); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir.1987) ("We ... hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act ..."); *W.D. Lawson & Co. v. Penn. Central Co.*, 456 F.2d 419, 421 (6th Cir.1972) ("As to the ... issue ... [of] whether or not the Carmack Amendment preempted common law suits ... we hold that it did.")

Taylor v. Mayflower Transit, Inc., 22 F. Supp.2d 509, 510 -11 (W.D.N.C. 1998).

Plaintiffs have asserted state law claims against defendants Bekins, Thomas, and Vanliner Insurance Company. It appears that plaintiffs have alleged that Defendant Thomas actually moved the goods, Compl., at ¶ 5, and acted as Defendant Bekins agent. Id., at ¶ ¶ 22-25. Further, plaintiffs appear to allege that Defendant Vanliner acted as the underwriter of a "tariff policy' they purchased from Bekins, Thomas, or both (it is not clear in the Complaint), concerning insurance they purchased. Id., at ¶ ¶ 26-31.

As to Defendant Thomas, such defendant is clearly a "household goods agent." Title 49, United States Code, Section 13907(a) provides:

> Carriers responsible for agents. Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its transporting agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

5

See Werner v. Lawrence Transp. Systems, Inc., 52 F. Supp. 2d 567 (E.D.N.C. 1998).

As to Defendant Vanliner, the claims against it in the original Complaint are equally preempted inasmuch as the Carmack Amendment preempts all claims related to the interstate shipment of household goods, including claims, the claims process, and the denial of claims. See Taylor, supra, and cases cited therein.

The undersigned is compelled to recommend to the district court that all of plaintiffs' state law claims, as to all defendants, be dismissed with prejudice not only due to procedural default in failing to respond as provided in the Local Civil Rules, but as a matter of well settled law.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) Bekins' first Motion to Dismiss (#2) be **DENIED** without prejudice as **MOOTED** by plaintiffs' Amended Complaint;

(2) Bekins' second Motion to Dismiss Amended Complaint in Part (#8) be **GRANTED;**

(3) Thomas Logistics, LLC's Motion to Dismiss (#12) be **GRANTED**; and

(4) claims one through five asserted in the original Complaint and reasserted in Amended Complaint be **DISMISSED WITH PREJUDICE** as to all defendants as such claims are completely preempted by the Carmack

Amendment.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: March 17, 2010

Dennis L. Howell
United States Magistrate Judge