# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:10cv02

| | |
|---|---|
| RONALD L. STRALEY and wife, ) <br> MARY STRALEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> THOMAS LOGISTICS, LLC, ) <br> d/b/a SPS Moving; BEKINS ) <br> VAN LINES, LLC; and ) <br> VANLINER INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendants. ) <br> _____ ) | __O R D E R__ |

**THIS MATTER** is before the Court on the Magistrate Judge's Memorandum and Recommendation [Doc. 13] regarding the following motions:

(1) Defendant Bekins Van Lines, LLC's Motion to Dismiss [Doc. 2];

(2) Defendant Bekins Van Lines, LLC's Motion to Dismiss Amended Complaint in Part [Doc. 8]; and

(3) Defendant Thomas Logistics, LLC's Motion to Dismiss [Doc. 12].

## I. PROCEDURAL BACKGROUND

On December 17, 2009, the Plaintiffs filed a Complaint against the Defendants Thomas Logistics, LLC, d/b/a SPS Moving ("Thomas"), Bekins Van Lines, LLC ("Bekins"), and Vanliner Insurance Company ("Vanliner") in the Macon County General Court of Justice, Superior Court Division, alleging claims under North Carolina law for breach of contract, vicarious liability, unfair and deceptive trade practices, and attorney's fees. [Complaint, Doc. 1-1]. The action was removed to this Court on the basis of federal question jurisdiction on January 13, 2010. [Notice of Removal, Doc. 1]. Bekins subsequently filed a motion to dismiss, asserting that the causes of action asserted in the Plaintiffs' Complaint are completely preempted by federal law, namely the Carmack Amendment, 49 U.S.C. §§ 14706, et seq. [Doc. 2]. In response to Bekins's motion, the Plaintiffs filed an Amended Complaint reasserting their five causes of action and adding a claim under the Carmack Amendment. [Amended Complaint, Doc. 5]. Bekins subsequently moved to dismiss this Amended Complaint as well, to the extent that the Plaintiffs continued to assert the state causes of action

that were asserted in the original Complaint. [Doc. 8]. Thomas filed its motion to dismiss on February 25, 2010. [Doc. 12].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendants' pending motions. On March 18, 2010, Judge Howell entered a Memorandum and Recommendation, concluding that all of the Plaintiffs' state law claims should be dismissed, as the Carmack Amendment preempts all claims related to the interstate shipment of household goods, including claims, the claims process, and the denial of claims. [Doc. 13 at 6].

The Plaintiffs now file a limited objection to the Magistrate Judge's Recommendation, challenging only the dismissal of their claim for attorney's fees. [Doc. 15].

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review, under a *de novo* or any

3

other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. ANALYSIS

The Plaintiffs argue that the Magistrate Judge erred in recommending the dismissal of their claim for attorney's fees because such fees are recoverable under the Carmack Amendment. Specifically, the Plaintiffs rely upon a booklet they received from Thomas entitled "Your Rights and Responsibilities When You Move," which outlined the limited conditions under which a shipper, such as the Plaintiffs, could recover their attorney's fees. [Doc. 15 at 1]. The language of this booklet tracks the relevant statute, 49 U.S.C. § 14708(d), which provides, in pertinent part, as follows:

> (d) Attorney's Fees to Shippers. – In any court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service subject to jurisdiction under subchapter I or III of

> chapter 135 concerning the transportation of household goods by such carrier, the shipper shall be awarded reasonable attorney's fees if –
>
> (1) the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;
>
> (2) the shipper prevails in such court action; and
>
> (3)(A) the shipper was not advised by the carrier during the claim settlement process that a dispute settlement program was available to resolve the dispute;
>
> (B) a decision resolving the dispute was not rendered through arbitration under this section within the period provided under subsection (b)(8) of this section or an extension of such period under such subsection; or
>
> (C) the court proceeding is to enforce a decision rendered through arbitration under this section and is instituted after the period for performance under such decision has elapsed.

49 U.S.C. § 14708(d).

In their Amended Complaint, the Plaintiffs allege that they filed their written claim to the carrier within nine months of delivery. [Doc. 5 at ¶3]. The Plaintiffs make no allegation that they submitted a claim within 120 days after delivery, nor do they allege a failure of the carrier to advise of the availability of arbitration. See Ewanchew v. Bekins Van Lines, LLC, No. 3:07-cv-00403-J-34HTS, 2008 WL 4642614, at *3 (M.D. Fla. Oct. 20,

5

2008). Having failed to make these necessary allegations, the Plaintiffs are not entitled to recover any attorney's fees pursuant to 49 U.S.C. § 14708(d). Accordingly, the Plaintiff's Objection to the Magistrate Judge's Memorandum and Recommendation must be overruled.

### IV.  CONCLUSION

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation [Doc. 13] that Bekins's Motion to Dismiss [Doc. 2] be denied without prejudice as mooted by the Plaintiffs' Amended Complaint; that Bekins's Motion to Dismiss Amended Complaint in Part [Doc. 8] be granted; that Thomas's Motion to Dismiss [Doc. 12] be granted; and that claims one through five asserted in the original Complaint and reasserted in the Amended Complaint be dismissed with prejudice as to all Defendants, as such claims are completely preempted by the Carmack Amendment.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiffs' Objection to Memorandum and Recommendation [Doc. 15] is **OVERRULED**; that Bekins's Motion to Dismiss [Doc. 2] is **DENIED** without prejudice as **MOOTED** by the Plaintiffs' Amended Complaint; that Bekins's Motion to Dismiss Amended Complaint in Part [Doc. 8] is **GRANTED**; that Thomas's Motion to Dismiss [Doc. 12] is **GRANTED**; and that claims one through five asserted in the original Complaint and reasserted in the Amended Complaint are hereby **DISMISSED WITH PREJUDICE** as to all Defendants.

**IT IS SO ORDERED.**

Signed: May 31, 2010

Martin Reidinger
United States District Judge